Filed 3/5/26  P. v. Hayes CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B340072 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. XNEA561490-01 |
| MICHAEL WAYNE HAYES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Dorothy L. Shubin, Judge.  Affirmed.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

Michael Wayne Hayes appeals from the trial court's order denying his petition under Penal Code section 1172.6[1] for resentencing after an evidentiary hearing. Because the record establishes, beyond a reasonable doubt, that Hayes was the actual killer who fired three shots into the victim's back as he lay on the floor, he is ineligible for relief. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

1. ***Hayes's conviction and sentence, his petitions for resentencing, the trial court's ruling, and the first appeal***

Our 2021 opinion in *People v. Hayes* (July 23, 2021, B302258) [nonpub. opn.] (*Hayes II*) sets forth much of the procedural history in this case. In 1981, the People charged Hayes—along with Daniel Lee George and Randall Eugene Ellis—with the robbery and murder of David Ainsley Smith. The People alleged Hayes committed the murder for financial gain, and all three defendants committed the murder while engaged in the commission of robbery. The People also alleged that a principal was armed with a firearm in the commission of the crimes, and that Hayes personally used a firearm. On the robbery count, the People alleged Hayes personally inflicted great bodily injury on the victim.

In January 1983, a jury convicted Hayes of first degree murder and robbery, and found the special circumstance allegations true. The jury also found true the allegation that a principal was armed with a firearm. However, the jury was unable to reach a verdict on the allegations that Hayes personally used a firearm and inflicted great bodily injury on the victim.

---

[1] References to statutes are to the Penal Code.

The court declared a mistrial on those enhancements.  At the conclusion of the penalty phase, the jury fixed the penalty on the murder count at life in prison without the possibility of parole.

In July 1983, the trial court sentenced Hayes in accordance with the jury's verdict to life without parole plus one year for the principal-armed enhancement.  On the robbery count, the court sentenced Hayes to 16 months and stayed the sentence.  On June 28, 1985, another panel of this court affirmed Hayes's conviction.  (*People v. Hayes* (1985) 169 Cal.App.3d 898 (*Hayes I*).)

In March 2019, Hayes filed a petition for resentencing under then-section 1170.95.[2]  On the form petition, Hayes did not check the boxes asking that counsel be appointed or stating, "I was not the actual killer."  The prosecution filed an opposition, contending Hayes was not eligible for resentencing because he was either the actual killer or a major participant in the underlying felony who acted with reckless indifference to human life.

In July 2019, the trial court issued a minute order denying Hayes's petition without prejudice.  The court noted the jury had convicted him of first degree murder and found true the principal-armed allegation as well as special circumstance allegations.  The court quoted factual statements from *Hayes I*.  The court stated Hayes "may file a new petition demonstrating eligibility for relief if he can establish that his case falls within the scope of the new law."

---

[2]     Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)

In September 2019, Hayes filed a pleading entitled "Petition for Resentencing Pursuant to P.C. § 1170.95; Memorandum of Points & Authorities in Support Thereof." Hayes included a statement of facts. He stated, "[T]he store clerk, David Smith, was ultimately killed in the ensuing robbery." Hayes did not explicitly deny being the actual killer. Instead, he stated it "has never been proven in a court of law that I was the actual killer of Mr. David Smith, for the jury could not reach a verdict as to petitioner personally using a firearm" or personally inflicting great bodily injury.

In October 2019, the trial court issued another minute order denying Hayes's second petition. The court stated, "The evidence at trial established that petitioner was the actual killer." The court again quoted from *Hayes I* that Hayes executed the victim by shooting him three times in the back from close range as he lay face down on the floor.

Hayes appealed and we appointed counsel to represent him. Counsel first filed a brief raising no arguable issues and asking us independently to review the record under *People v. Wende* (1979) 25 Cal.3d 436.[3] The brief's statement of facts cited *Hayes I* as well as transcript pages of testimony in Hayes's superior court proceedings. The brief stated, "Appellant forced the store clerk, David Smith, to [lie] face down on the floor while Ellis emptied the cash register. . . . After co-defendant Ellis finished taking the money from the cash register, appellant shot Mr. Smith three times in the back, killing him."

---

[3]    Our high court had not yet decided *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).

4

Counsel requested we take judicial notice of the trial transcripts. Counsel later filed a request for judicial notice of the preliminary hearing testimony. Still later, counsel argued the court was limited to "the four corners of the petition." The Attorney General contended we should affirm the summary denial of Hayes's petition because he "was the actual killer or, in any event, a direct aider and abettor."

Ultimately, we concluded we could not say, on the record before us (and in light of some issues with the jury instructions), that Hayes was "indisputably ineligible [for resentencing] as a matter of law." Accordingly, we reversed the trial court's order denying Hayes's petition for resentencing and remanded the matter for the court to appoint counsel for Hayes, issue an order to show cause, and proceed with an evidentiary hearing. (*Hayes II*.)

## 2.    *Proceedings on remand and the evidentiary hearing*

Back in the trial court, the court appointed counsel for Hayes. The court also appointed an investigator at defense counsel's request. The prosecution submitted the transcripts from Hayes's 1983 trial as well as the transcripts from the trial of Randall Ellis, who was tried separately. The prosecution also submitted the transcript of Ellis's November 2020 parole suitability hearing. Both the prosecutor and defense counsel filed briefs.

On April 23, 2024, the court conducted an evidentiary hearing. The prosecutor called two witnesses: Randall Ellis and retired Monrovia Police Officer Hollis Spillman.

Ellis claimed not to remember anything about the events of May 23, 1981 or his interview with Spillman on May 27, 1981. Finding Ellis was deliberately evading the questions, the court

5

granted the prosecutor's request to ask Ellis leading questions and to impeach him with his prior statements to Spillman under *California v. Green* (1970) 399 U.S. 149 and *People v. Green* (1971) 3 Cal.3d 981, 988–989.[4]  The court stated, "It's apparent that there seems to be a willful lack of memory."

Going question by question, the prosecutor asked Ellis about what he'd told Spillman.  The prosecutor then showed Ellis a signed, typewritten statement, dated May 27, 1981, summarizing his statements to police.  Ellis confirmed the signature on the statement was his, and the initials "R.E.E." next to a handwritten edit were his as well.  The document included these statements:  "GEORGE parked the car on the street and HAYES and I got out of the car and went into the store.  When we got out of the car, I had the gun but then I gave it to HAYES.  While we were in the store, I was taking money out of the cash register and HAYES shot the clerk three times."  And:  "I saw HAYES shoot the guy in the liquor store and after the robbery I told him that if I had known that he was going to shoot the man, I would not have helped him and GEORGE in the robbery."

The prosecutor also marked as an exhibit the 81-page transcript of Ellis's hearing before the parole board in November 2020.  The court granted the prosecutor's request to "*Green*" the witness on this document as well, "based on his continuing professed inability to recall virtually everything about any of his prior statements which the court finds to be not credible."

Ellis then did answer some questions.  He confirmed he'd told the parole board the following:  He'd started "getting cold feet" when getting out of the car, he didn't want to go into

---

4      This is commonly known as "*Greening* the witness."

6

the liquor store with the gun, and he mouthed to Hayes, " 'I'm not going in there with this.' " Hayes then grabbed the gun out of Ellis's hand and said, " 'Come on, man.' " In the store, Smith opened the cash register and "did everything that was asked of him to do." When Ellis was removing the money from the register, Hayes shot Smith. Ellis looked up, dropped everything he had in his hands, and ran.

Spillman then testified about his interview of Ellis on May 27, 1981. He stated Ellis had told him the following:

On May 23, 1981, Ellis, Hayes, and George were riding around in a red Toyota sedan. They'd gone to Monrovia "to see a girl about a couple of joints." When they found no one at home, they started back to Pasadena. Hayes suggested they rob a liquor store; Ellis and George agreed. They started looking for a store to rob. They stopped at one and Hayes and Ellis went in. Hayes asked for some Night Train wine.

That place "did not appear right for robbing," so they decided to leave. They then saw a liquor store on the corner just west of the first store. George drove the car around the corner and parked next to the store. Ellis had a .25 caliber sterling chrome-plated automatic with him. Ellis told Hayes he didn't want to use the gun, and he gave it to Hayes.

Hayes and Ellis went into the store. Hayes asked the clerk for some Night Train wine. The clerk came out from behind the counter to look for it. Hayes then pulled the gun on the clerk, told him he was going to be robbed, and instructed him to "go to a secluded corner of the store" and "sit down in the corner." Ellis went behind the counter and tried to open the cash register but couldn't get it open. Hayes made the clerk get up and open it for them. "Hayes then made the clerk go back to the corner and

lie down on his stomach." When the clerk lay down, "Hayes shot him three times in the back."

Ellis grabbed the money from the register, and he and Hayes ran from the store. The threesome then drove back to Pasadena.

The evidentiary hearing reconvened on July 31, 2024. Hayes's counsel confirmed Hayes would not testify, and the defense did not wish to call any witnesses. After hearing oral argument at length from both the prosecutor and Hayes's counsel, the court ruled.

The court stated it was not relying on the opinion on direct appeal "for anything factual." The court said it had considered "the totality of everything presented to the court," including the testimony of Ellis and Spillman, the transcripts from Hayes's trial, the briefs, and the oral argument. The court stated it was denying Hayes's petition on two separate and independent grounds. First, Hayes was ineligible "as a matter of law," based on the jury's two findings that he had committed the murder for financial gain and that the murder was willful, deliberate, and premeditated. Second, the court made "findings based on the facts of the case," including its credibility determinations of the live testimony. The court "[s]pecifically" found "that Mr. Hayes is the actual killer." The court also referred to the trial testimony of a witness named Edward Jones. The court noted Ellis could have said *he* (Ellis) was the shooter, as he already had been paroled and resentenced under section 1172.6.[5] But he didn't.

---

[5] In January 2022, the prosecution told the court it no longer would oppose Ellis's petition for resentencing, in light of the role he played in the crimes and the then-new authorities discussing the role of a petitioner's youth in the court's determination of

## DISCUSSION

**1.    *Section 1172.6***

Senate Bill No. 1437 (2017–2018 Reg. Sess.) amended existing law on accomplice liability for murder " 'to ensure that murder liability is not imposed on a person who is not the actual killer . . . .' " (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, quoting Stats. 2018, ch. 1015, § 1(f); see § 189, subd. (e)(1).)  The bill limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder.  (*People* v. *Gentile* (2020) 10 Cal.5th 830, 842–843; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 971.)

Under the law as amended, a defendant is guilty of murder under a felony-murder theory only if:  (1) he was the actual killer; (2) with the intent to kill, he aided or abetted the actual killer in the commission of murder in the first degree; or (3) he was a major participant in the underlying felony who acted with reckless indifference to human life.  (§ 189, subd. (e).)

Section 1172.6 provides a mechanism by which a person convicted of murder under the former law may be resentenced if he could no longer be convicted of murder because of the changes to sections 188 and 189.  (*People v. Strong* (2022) 13 Cal.5th 698, 708.)  When, as here, the court issues an order to show cause and the matter proceeds to an evidentiary hearing, the prosecution has the burden to prove beyond a reasonable doubt that the petitioner is guilty of murder notwithstanding the amendments to sections 188 and 189.  (*Strong*, at pp. 708–709.)

---

whether he or she acted with reckless indifference to human life. Ellis was 16 years old at the time of the crimes.

## 2.   *Our standard of review*

While the superior court acts as an independent factfinder in determining whether the People have met their burden, on appeal the reviewing court applies the substantial evidence standard.  (*People v. Garrison* (2021) 73 Cal.App.5th 735, 745, 747.)  Under this familiar standard, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  (*People v. Vargas* (2022) 84 Cal.App.5th 943, 951; *People v. Clements* (2022) 75 Cal.App.5th 276, 298.)  "We determine 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (*People v. Edwards* (2013) 57 Cal.4th 658, 715.)  In so doing, a reviewing court presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.  (*People v. Nieber* (2022) 82 Cal.App.5th 458, 476; *People v. Owens* (2022) 78 Cal.App.5th 1015, 1022.)  Substantial evidence also includes circumstantial evidence and any reasonable inferences drawn from that evidence.  (*People v. Brooks* (2017) 3 Cal.5th 1, 57; *Nieber*, at p. 476.)

We resolve all evidentiary conflicts and questions of credibility in favor of the judgment.  (*People v. Brady* (2018) 22 Cal.App.5th 1008, 1014, quoting *People v. Cardenas* (2015) 239 Cal.App.4th 220, 226–227.)  We cannot reweigh the evidence or reassess witness credibility on our own.  (*People v. Young* (2005) 34 Cal.4th 1149, 1181 [resolution of conflicts and

inconsistencies in the testimony is the exclusive province of the trier of fact].)

However, Hayes's contention that the jury's inability to reach a verdict on the firearm and bodily injury allegations precluded the trial court from denying his petition—which we now discuss—raises a question of law that we independently review. (*People v. Lopez-Barraza* (2025) 110 Cal.App.5th 1227, 1240 (*Lopez-Barraza*).)

**3.** ***The jury's inability to reach a verdict on the personal-firearm-use and infliction-of-great-bodily-injury allegations does not preclude the court from finding Hayes was the actual killer after an evidentiary hearing***

As noted, Hayes's jury was unable to reach a unanimous verdict on the allegations that Hayes personally used a firearm in the commission of the crimes and personally inflicted great bodily injury on Smith. Hayes contends that inability "proved" those allegations could not be established beyond a reasonable doubt. He also argues the prosecution "relinquished" the allegations in its "decision not to retry [Hayes] on the enhancements." We disagree.

*People v. Wilson* (2023) 90 Cal.App.5th 903 (*Wilson*) is squarely on point. There, a jury convicted the defendant Wilson of murder and attempted murder but was unable to reach a verdict on an allegation that he personally used and discharged a firearm in the commission of the crimes. (*Id*. at pp. 905, 911.) Wilson later petitioned for resentencing under former section 1170.95. After an evidentiary hearing, the court denied the petition, finding Wilson was the actual killer and, even if he was not (Wilson claimed a man named Rauls was the shooter),

11

he aided and abetted Rauls in the killing and, in addition, was a major participant in the underlying robbery who acted with reckless indifference to human life.  (*Wilson*, at p. 912.)

On appeal, Wilson argued "the court's finding that he was the actual killer [was] inconsistent with the jury's inability to reach a verdict on the sentencing enhancement allegations for personally using and discharging a firearm in the commission of the crimes."  (*Wilson*, *supra*, 90 Cal.App.5th at p. 916.)  The appellate court rejected that argument.  (*Ibid.*)

The court distinguished *People v. Cooper* (2022) 77 Cal.App.5th 393 (*Cooper*).  In that case, the jury had convicted the defendant Cooper of murder and kidnapping but acquitted him on a charge of being a felon in possession of a firearm.  When Cooper later petitioned for resentencing, the court denied his petition, finding him to have been a major participant in the kidnapping who acted with reckless indifference to human life.  One of the factors the court cited was its "belief that the defendant possessed and fired a gun."  (*Wilson*, *supra*, 90 Cal.App.5th at pp. 916–917.)

The court of appeal reversed, holding a trial court cannot deny resentencing " 'based on findings that are inconsistent with a *previous acquittal* when no evidence other than that introduced at trial is presented.' "  (*Wilson*, *supra*, 90 Cal.App.5th at p. 917, quoting *Cooper*, *supra*, 77 Cal.App.5th at p. 398.)  The *Cooper* court remanded the case "for a new hearing to consider whether the prosecution proved beyond a reasonable doubt that the defendant was ineligible for resentencing relief for reasons other than having used or possessed a firearm."  (*Wilson*, at p. 917.)

The *Wilson* court noted that, in his case, "the jury was *unable* to reach a verdict on allegations that Wilson personally

12

used and discharged a firearm in the commission of the crimes." (*Wilson*, *supra*, 90 Cal.App.5th at p. 917.) The court continued: "A not guilty verdict precludes subsequent prosecution on a charge; an inability to reach a decision on an enhancement allegation does not." (*Ibid*.) The court stated the Legislature, " '[b]y allowing new evidence and providing for an evidentiary hearing,' " " 'plainly intended that the issues concerning whether the defendant was guilty under theories of murder *not previously or necessarily decided* would be resolved anew, through a factfinding process.' " (*Ibid*., quoting *People v. Duchine* (2021) 60 Cal.App.5th 798, 813.)

Hayes does not even cite—much less discuss—*Wilson,* even though it was decided more than two years before he filed his briefs in this case, and cited by Hayes's counsel in the resentencing proceedings. In relying on *Cooper*, Hayes ignores not only the difference between (a) a jury's acquittal or "not true" finding on a firearm or great bodily injury allegation and (b) a jury's inability to reach a unanimous verdict, but also the limitation in *Cooper* of its holding to situations in which "no evidence other than that introduced at trial is presented." (*Cooper*, *supra*, 77 Cal.App.5th at p. 398.)

*Lopez-Barraza, supra,* 110 Cal.App.5th 1227—on which Hayes heavily relies—is readily distinguishable as well because, as in *Cooper*, neither side presented any new evidence at the hearing. In that case, a jury convicted the defendant of first degree murder but acquitted him of conspiracy to commit robbery. The defendant later petitioned for resentencing under section 1172.6. In finding the defendant was a major participant in the robbery who acted with reckless indifference to human life, the trial court cited the defendant's active participation in the

13

planning and preparation of the armed robbery.  (*Lopez-Barraza*, at pp. 1231–1232, 1237–1238.)

In reversing, the appellate court noted, "The trial court decided Lopez-Barraza's petition based on the transcripts and physical evidence from the jury trial; the parties did not offer any new evidence at the evidentiary hearing."  (*Lopez-Barraza*, *supra*, 110 Cal.App.5th at p. 1238.)  Thus, the court said, "The trial court's inferences and fact finding were based on precisely the same evidentiary record as the jury's."  (*Id.* at p. 1243.)

Here, the prosecution *did* present new evidence at the evidentiary hearing.  That new evidence was the testimony of Randall Ellis—a participant in the crime and an eyewitness to the shooting—that Hayes was the person who shot the victim in the back, three times, as he lay on his stomach on the floor. Officer Spillman also testified under oath as to what Ellis told him four days after the murder:  that Hayes had the gun when he and Ellis entered the liquor store and that it was Hayes who shot the victim.  This new evidence went far beyond the trial testimony of Edward Jones, Hayes's nephew, who was able to say only that he heard Hayes admit to the shooting during a dice game.

The other cases Hayes cites are distinguishable for the same reason.  In both of those, the jury had found not true an allegation the resentencing court later relied on in denying relief under section 1172.6.  (See *People v. Henley* (2022) 85 Cal.App.5th 1003, 1007 [court erred in finding defendant was a major participant in robbery who acted with reckless indifference to human life, citing her personal use of firearm, when jury had found firearm allegation not true]; *People v. Arnold* (2023) 93 Cal.App.5th 376, 379 [court erred in denying resentencing

14

petition based on its finding that defendant "stabbed the victim," when jury had found not true an allegation that defendant personally used a knife].)

**4.** ***Hayes's ineffective assistance of counsel claim is not cognizable in this proceeding***

Hayes contends his trial lawyer was constitutionally ineffective when, in 1983, he failed to obtain a dismissal with prejudice of the personal use of a firearm and personal infliction of great bodily injury enhancements. Hayes notes his trial counsel moved to dismiss the enhancements with prejudice after the court declared a mistrial on them. The court suggested they discuss the issue later. On that later date, after the prosecutor said he didn't plan to retry the enhancements, defense counsel (apparently a different lawyer standing in for trial counsel) did not renew the request that the court dismiss them with prejudice.

The mere filing of a section 1172.6 petition does not afford the petitioner a new opportunity to raise claims of trial error. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) " 'The purpose of [section 1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.' " (*Ibid*.; see also *Lopez-Barraza*, *supra*, 110 Cal.App.5th at p. 1244 [citing *Farfan*]; *People v. Coley* (2022) 77 Cal.App.5th 539, 549 [a section 1172.6 petition "is not a means by which a defendant can relitigate issues already decided"]; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].) Hayes's assertion that the trial court should have dismissed the enhancements

15

with prejudice is not cognizable in this appeal.  Any contention by Hayes that his attorney (or attorneys) rendered ineffective assistance some four decades ago must be raised—if at all— by a petition for a writ of habeas corpus.

**5.**    ***As the actual killer, Hayes is not eligible for relief under section 1172.6***

Substantial evidence supports the trial court's finding, beyond a reasonable doubt, that Hayes was the actual killer who shot Smith.  Accordingly, he is ineligible for resentencing.[6]  (See *People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1232, 1248; *People v. Harden* (2022) 81 Cal.App.5th 45, 47–48, 53–56; *People v. Myles* (2021) 69 Cal.App.5th 688, 692–694; *People v. Edwards* (2020) 48 Cal.App.5th 666, 671, 674–675.  Cf. *Delgadillo*, *supra*, 14 Cal.5th at p. 233 [defendant not entitled to resentencing because he was the actual killer].)

---

[6]    As we affirm based on the prosecution having proved Hayes was the actual killer, we need not address the trial court's alternate ground for denying the petition:  that Hayes is ineligible as a matter of law based on the jury's true finding on the special circumstance allegation and its finding that the murder was willful, deliberate, and premeditated.

## DISPOSITION

We affirm the trial court's order denying Michael Wayne Hayes's petition to vacate his murder conviction and for resentencing under section 1172.6.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

ADAMS, J.